UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AYLA ROSE M.[1], <br>     Plaintiff, <br>     v. <br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br>     Defendant. | No. 1:22-CV-03056-SAB <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 11, 13. The motions were heard without oral argument. Plaintiff is represented by D. James Tree; Defendant is represented by Lars Nelson and Brian M. Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for disability insurance benefits (DIB) under Title II and her application for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now

---

[1] Pursuant to the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States, Plaintiff's name is partially redacted.

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

fully informed. For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment, ECF No. 11, and grants Defendant's Motion for Summary Judgment, ECF No. 13.

### I.    Jurisdiction

On November 29, 2017, Plaintiff filed applications for disability insurance benefits and supplemental security income with onset of November 19, 2017. Plaintiff's applications were denied initially and on reconsideration. On December 14, 2020, a telephonic hearing was held. Plaintiff appeared and testified before an ALJ, with the assistance of her counsel, Shane Smith. Jeffrey Tittelfitz, vocational expert, also participated. The ALJ found that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on March 2, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on March 14, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

### II.   Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1),

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 3

416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

### IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 30 years old. She has been diagnosed with rheumatoid arthritis. This has mostly affected her right knee. She also reports pain in her shoulders, hips, and back.

Plaintiff obtained her GED when she was 16 and has some college credits. She has past employment in the fast-food industry. She has four children, ages 8-13. Her children live part-time with their father. Plaintiff experiences anxiety when in the public. She also suffers from depression.

### V. The ALJ's Findings

The ALJ issued an opinion affirming denial of benefits. AR 15-28. At step one, the ALJ found that Plaintiff engaged in substantial gainful activity during the following periods, November 2017 to September 2018. AR 17. Consequently, the ALJ concluded that the first date in which she could be considered disabled is October 1, 2018.

At step two, the ALJ identified the following severe impairments:

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

degenerative joint disease of the right knee, internal derangement; obesity; rheumatoid arthritis; anxiety disorder; and depression. AR 18. The ALJ found that PTSD, alleged bipolar disorder, and sleep disorder were not medically determinable impairments. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 19. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

> residual functional capacity to perform less than a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). She is able to lift and/or carry twenty pounds occasionally and ten pounds frequently. The claimant can stand and/or walk for four hours and sit for six hours in an eight-hour workday. The claimant can occasionally climb ramps and stairs, but never ladders, ropes or scaffolds. She can occasionally stoop, kneel, crouch and crawl. The claimant should avoid concentrated exposure to extreme cold and vibrations and avoid all exposure to workplace hazards such as dangerous moving machinery and heights. She is able to limited to simple, one to three step tasks and is limited to occasional, superficial interaction with coworkers and the public. The claimant should not work perform tandem tasks or tasks requiring teamwork.

AR 21.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work as an order clerk. AR 26.

In the alternative, the ALJ found there were other jobs that existed in significant numbers in the national economy that Plaintiff could also perform, including marker, food assembler, and packing line worker. AR 27.

## VI. Issues

1. Whether the ALJ properly evaluated Plaintiff's symptom testimony.
3. Whether the ALJ properly evaluated the medical opinions.
4. Whether the ALJ properly applied the Step-Five analysis.

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 6

## VII. Discussion

### 1. Plaintiff's Symptom Testimony

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. §§ 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

> minutes every hour, or sleeping on a board); and 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

The ALJ found that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were inconsistent with the record because the examinations have remained fairly normal aside from her right knee, and she has not sought any consistent treatment for her pain complaints. The ALJ noted there were no available medical records after January 2019 except for a well-women examination in March 2020.

The ALJ noted that Plaintiff was only using ibuprofen as needed for pain and the lack of treatment, even though she was given the opportunity to do so after a motor vehicle accident. The ALJ also noted that Plaintiff is not taking any anxiety or depression medication and has not participated in counseling. The ALJ also noted that the record also indicates that Plaintiff is capable of taking care of her personal needs.

The ALJ noted that Plaintiff continued to engage in substantial gainful employment even after her alleged onset of disability. The ALJ also noted that the reasons given by Plaintiff as to why she stopped working did not reflect that it was solely due to her impairments. The ALJ noted the record was not clear if she was prevented from working due to her impairments or other reasons.

These reasons provide a clear and convincing basis to find that Plaintiff's symptom testimony was not supported by the record. Thus, the ALJ's evaluation of Plaintiff's credibility is supported by substantial evidence and was not in error.

### 3. Evaluation of the Medical Opinions

The only challenge to the ALJ's evaluation of a medical opinion is that of Dr. Metoyer. The ALJ found the following opinions persuasive: Dr. Guillermo Rubio; Dr. Vincent Gollogly, and Dr. Drenguis. Plaintiff is not challenging the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

ALJ's reliance on these opinions.

Dr. Rubio found that Plaintiff could perform a range of light exertion, could lift and/or carry twenty pounds occasionally and ten pounds frequently, could stand and/or walk for four hours and sit for about six hours in an eight-hour workday, could occasionally stoop, kneel, crouch, crawl and climb ramps and stairs, but should never climb ladders, ropes or scaffolds, and should avoid concentrated exposure to extreme cold, vibration and hazard.

Dr. Gollogly concluded that Plaintiff retained the capacity to carry out simple instructions, maintain concentration persistence and pace for up to two hours continuously, maintain adequate attendance and complete a normal workday and workweek within normal tolerances of a competitive workplace, as well as the capacity to interact with others on an occasional and superficial basis and could accept instructions from a supervisor, but would have occasional difficulties adapting to change though she could adapt to normal, routine changes in a competitive workplace within normal tolerances.

Dr. Drenguis found that could stand and/or walk for four hours, sit for six hours and lift or carry up to twenty pounds occasionally and ten pounds frequently and frequently balance and occasionally climb, stoop, kneel, crouch and crawl.

In evaluating medical opinion evidence, the ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5). Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id*.

Supportability and consistency are further explained in the regulations:

(1) Supportability.

The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency.

The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

### a.  Dr. Metoyer

The ALJ found that Dr. Metoyer's opinion was only somewhat persuasive, noting they were generally vague and noted Dr. Metoyer's findings from his examination were limited. That said, the ALJ believed the restrictions on the RFC limiting Plaintiff to simple, one to three step tasks with only occasional, superficial interaction with coworkers and the public, and not including tasks performed in tandem with others or tasks requiring teamwork were consistent with Dr. Metoyer's opinion.

The ALJ's evaluation of Dr. Metoyer's opinion is supported by substantial evidence. The ALJ adequately explained why Dr. Metoyer's opinion was not supported and not consistent with the record.

//

//

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

## VIII. Conclusion

Substantial evidence supports the ALJ's finding that Plaintiff is not disabled.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 11, is **DENIED**.

2. Defendant's Motion for Summary Judgment, ECF No. 13 is **GRANTED.**

3. The decision of the Commissioner is **AFFIRMED**.

4. Judgment shall be entered in favor of Defendant and against Plaintiff.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 21st day of February 2023.



_____
Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11**